The Chief Justice
delivered the opinion of the court.
This was an action by the assignee against the assignors, of a promissory note, bearing date the 25th of May, 1811, negotiable and payable thirty seven days after date, at the office of the Kentucky Insurance company. The de *256 claration, after averring the execution of the note, by the maker thereof to the defendants, and the assignment thereof, by them to the plaintiff, for a valuable consideration, alledges, that the note was deposited in the office of the Kentucky Insurance company, for collection, and remained there until it became due, that neither the maker nor the defendants paid the same, nor any part thereof. That it was protested for non payment; and that the maker thereof was at the date thereof, and when it became due, insolvent, and continued so until his death, which happened on the day of, without any estate, to satisfy said note or any part of it. Of all which, the defendants had notice, whereby they became liable to pay, &c.
When the maker of a promissory note is hopelessly insolvent & dead at the falling due of the note, without heiror letters testamentary endorsers are liable and the insolvency may be proved by parol
But if the maker of the note be alive at its falling due, his insolvency does not absolve the holder from the necessity of suing before the endorser is subjected: a neglect to do so is a failure in due diligence:—the maker may have had credit, tho' without property.
The defendants pleaded the general issue, and on the trial the plaintiff offered to prove that the maker of the note was notoriously insolvent, from the time the note fell due until his death, which happened on the morning of the 11th day of September, being the third day of the first term of the Fayette circuit court, next after the note became due; in which circuit he resided, that he died leaving no estate or heirs, and that no person had taken out letters of administration. But at the instance of the defendants, the circuit court, excluded all parol evidence of the insolvency of the maker of the note, and instructed the jury, that to entitle the plaintiff to recover, he must prove that within due time, he had commenced and duly prosecuted suit against the maker of the note; to which opinion of the court the plaintiff excepted and a verdict and judgment having been given against him, he has brought the case to this court by writ of error.
There is no doubt that the plaintiff could not recover, without proving the insolvency of the maker of the note, as he died before judgment and execution could have been had againt him, and left no representative, either as to his real or personal estate, it was utterly impracticable that his insolvency could have been established by any other than parol evidence. Such evidence, must, therefore, under the circumstances of the case, have been admissible, and the court consequently erred in excluding it. But notwithstanding the insolvency of the maker of the note, it was still necessary fertile plaintiff to show that he had used due dilligence to collect the debt of him; for although he was without property, he might not have been without credit, and if due diligence had been used to collect the *257 money of him, he might have made an arrangement to secure or satisfy the debt.
Pope and Wickliffe for plaintiff, Haggin for defendant in error.
To shew due diligence, it was, we apprehend, incumbent upon the plaintiff, to prove that he had brought suit against the maker of the note before his death, as it was practicable to have done so. If the maker of the note had not died until after a period in which judgment and execution could have been had againt him, it would according, to the repeated decisions of this court, have been the duty of the plaintiff to have brought suit before the time when in fact, the maker of the note died; and we cannot perceive any principle upon which his death can excuse the peformance of such duty.
The court were therefore correct in the instructions given to the jury; but as there was error in the exclusion of parol evidence of the insolvency of the maker of the note, the judgment must on that gronud be reversed with costs, and the cause remanded for a new trial, to be had not inconsistent with this opinion.